Filed 7/2/15  P. v. Sontag CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C078404 |
| Plaintiff and Respondent, | (Super. Ct. No. 62119245) |
| v. | |
| JAYCE ALLEN SONTAG, | |
| Defendant and Appellant. | |

William Aaronson, his wife Tori, and his in-laws Tara and Michael Di Pietro went bowling at Foothills Bowl.  As they were leaving the bowling alley, a car pulled up and defendant Jayce Allen Sontag and a woman got out.  The conversation between defendant and Aaronson turned to homosexuals and slang words referring to homosexuals. Defendant took off his shirt and began trying to antagonize Aaronson.  Defendant knocked Aaronson to the ground.  As Aaronson tried to get up, defendant kicked him in the head, rendering him unconscious.  Aaronson sustained fractures to his "nasal bone,

1

nasal spectum [*sic*] and maxillary spine." Aaronson's wife, Tori, e-mailed Placer County Sheriff's Department a YouTube video of the attack.

Defendant was charged with battery with serious bodily injury and assault by means likely to cause great bodily injury. The information further alleged defendant personally inflicted great bodily injury on Aaronson and that the offense was a hate crime.

Defendant pled no contest to both counts and admitted both enhancement allegations. The parties agreed to a five-year lid on defendant's sentence. The trial court sentenced defendant to a two-year term on the assault by means likely to cause great bodily injury and imposed a three-year term on the personally inflicting great bodily injury enhancement. The trial court stayed a two-year term on the battery conviction under Penal Code section 654 and stayed the hate crime enhancement. The trial court awarded defendant six days of presentence custody credit, ordered defendant to pay a $1,000 restitution fund fine, imposed and stayed a $1,000 parole revocation fine, imposed an $80 court operations assessment, and a $60 criminal conviction assessment. The court also ordered defendant to pay a $350 probation court fee. Defendant did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

        ROBIE        , J.

We concur:

        BLEASE        , Acting P. J.

        MURRAY        , J.